Matthias, J.
The state seeks to assert its claim against Hamilton county by this proceeding in mandamus, and the primary question presented by demurrer to the amended petition is whether such action may be maintained or whether the state’s claim must be asserted in.a suit for money, in which ■the defendant would be entitled to a trial by jury.
Although refusal to pay the claim was originally based upon the contention that the statute which authorized such recovery was unconstitutional, that ground of refusal is not now presented as a defense. The basis of the state’s claim is the statute (then Sections 1898 and 1899, General Code), which during a portion of the period involved provided in substance that for each person over fifteen years of age in the custodial department of the state institution for feeble-minded youth from any county in the state the trustees and superintendent may charge against such county a sum not exceeding the annual per capita cost to the county of supporting inmates in its county infirmary, as shown by the annual report of the board of state charities, and that the treasurer of the county should pay the annual draft of the financial officer of the institution for the aggregate amount chargeable against such county for the preceding year for such inmates. It was further provided that in each casé *552 where the parent, guardian, relative or friend of’ the inmate is under contract and able to pay, and does pay, for the maintenance of such inmate, no charge or draft shall be made upon the treasurer of the county wherein such inmate has a legal residence.
On April 28, 1913, the legislature repealed these sections and enacted a law designated as Section 1815-12 (103 O. L., 879), which p'rovided as follows:
“The county from which an inmate of the institution for feeble minded was committed shall be liable for such inmate’s support provided the same is not paid otherwise as provided by this act. The treasurer of each county shall pay the semiannual draft of the cashier of the board of state charities for the aggregate amount chargeable against such county for the preceding six months for the inmates therefrom not otherwise supported.”
On June 4, 1915 (106 O. L., 503), Section 1815-12 was amended so as to provide as follows:
“The treasurer of each county shall pay to the treasurer of state upon the warrant of the county auditor the amount chargeable against such county for the preceding six months for all inmates therefrom not otherwise supported, upon the presentation of the statement thereof.”
In the respects involved in this proceeding such statute has not been further amended.
The position taken by the defendants is that this action is one for an unliquidated sum of money claimed to be due the state from Hamilton county: The contention of the state is that the provisions of *553 the statute specifically provide that the cost of the support of inmates in such institution from any county shall be charged against such county and prescribe the manner of payment thereof.
We look to the statute for the definition of mandamus which must guide us in the determination of the question involved in this case. It is defined by Section 12283, General Code, as follows: “Mandamus is a writ issued, in the name of the state, to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the-law specially enjoins as a duty resulting from an office, trust, or station.”
The policy of the state relative to the expense of caring for its feeble-minded youth is clearly set forth in the provisions to which we have referred. Notwithstanding the several amendments of the statute affecting the claim here in question, it is quite evident the purpose of the legislation was to require that the several counties of the state pay the pro rata cost of supporting the inmates of such institution, although it was provided for a time that no county should be required to pay in excess of the annual per capita cost to such county of supporting the inmates of its county infirmary. The statute as it existed during the entire period covered by the claim involved in this section provided that the treasurer of such county should pay the draft of the officer therein designated for the amount chargeable against such, county. During a portion of that period it was payable annually, and later it was made payable semiannually. ' The statute as amended June 4, 1915, which is subse *554 quent to the period involved in this suit, was so amended as to provide that the treasurer of the county should pay the treasurer of state on the warrant of the county auditor. Under the provisions of the statute it became the duty of the officers of such state institution to determine the amount chargeable to each county of the state, and, through the officer designated, to make draft upon the county for that amount, and it likewise became the duty of the county, through its proper officers, to honor the draft so made and to pay it upon presentation, as prescribed by the statute.
If the contention made by the defendant is valid it .would be necessary under the provisions of Section 2460, General Code, upon the expiration of each period prescribed by statute, to present such claim to the board of county commissioners for its allowance, and if for any reason it was rejected, then to appeal the same, whereupon it would be tried in the court of common pleas and determined by a jury.
The county is a subdivision of the state. The requirement by statute that it shall pay the cost of the support of inmates of a state institution sent thereto by the duly authorized county officials, s.uch cost of support to be determined by an official designated also by statute, is violative of no right of trial by jury. Upon consideration of a similar question, in the case of Board of Commissioners of Champaign Co. v. Church, Admr., 62 Ohio St., 318, it was stated: “Now as to the alleged violation of the right, of trial by jury, it may well be doubted whether counties and municipalities have- any such *555 absolute right of trial by jury that they may complain of its infringement by the legislature. They are creatures of constitutional and legislative enactment. They have only such powers and privileges as are given them, and these powers and privileges may, in general, be modified or taken away.”
It seems quite obvious that the provisions of Section 2460, General Code, have no application whatever to a claim of this nature. In the first place it must be noted that the very provisions of that section except cases in which the amount due is fixed by law, or in which it is authorized to be fixed by some other person or tribunal. But this claim does not come within the requirement that claims against the county be presented to the board of county commissioners for the further. reason that the provisions of the statute to which we refer having specifically prescribed the method of fixing the amount which each county shall, pay, and having designated the officials who shall determine the same, and also having specified the procedure with reference to the presentation of the statement and the payment thereof, such specific provision, upon' principles of statutory construction that are familiar, constitutes an exception to the general provisions of Section 2460, General Code. Clearly the general provisions of a statute are not controlling when in conflict with the specific provisions of a later enactment of the legislature. 2 Sutherland on Statutory Construction (2 ed.), Section 491.
If then the amount to be paid by each county was ascertained and determined in accordance with the *556 express provisions of the statute, and presented for payment in the manner directed thereby, did it not then become the duty of the county treasurer to pay the same — a duty specially enjoined by statute?
The case of Brissel v. State, ex rel. McCammon, 87 Ohio St., 154, is one involving a question quite similar to that presented in this case. The trustees of the institution, a district tuberculosis hospital in process of erection, in the manner prescribed by statute, determined the amount required as the proportionate share of each county in the district. An action in mandamus was instituted against the commissioners, the treasurer and auditor of Stark county seeking to.require such officials to provide that county’s proportionate share of the funds theretofore found to be necessary for the erection of such district tuberculosis hospital. It was also urged there, as here, that there was an adequate remedy at law, and that mandamus would not lie; but this court refused to sustain that contention and held that an action at law would not be adequate to furnish the proper relief, and that mandamus was the proper remedy. In the course of the opinion, Johnson, J., at page 172, made the following statement, which is quite pertinent here:
“It may be said that an adequate remedy is one that affords- relief with reference to the matter in controversy, and is appropriate to the particular circumstance of the case.
“Where the remedy sought is the performance of a public duty, by a public board, and an action at law will not enforce the performance of such *557 duty, it is not an adequate remedy. The duty of a public board to appropriate money or to levy such tax as may be necessary to meet legal obligations, is such a duty as may be enforced by mandamus/’
Numerous decisions in this state may be cited supporting this proposition. Among them are: State, ex rel. Robertson, v. Board of Education of Perrysburg Township, 27 Ohio St., 96; State v. Staley, 38 Ohio St., 259; Ohio, ex rel. Holtz, v. Commissioners of Henry Co., 41 Ohio St., 423; State, ex rel. Ross, v. Donahey, Auditor of State, 93 Ohio St., 414, and State, ex rel. M. E. Murphy Co., v. Donahey, Auditor of State, 98 Ohio St., 442.
It seems quite clear in this case that an action at law would not provide an adequate remedy. If funds were not available to pay the amount, further action would be required, and that necessarily would be a suit in mandamus to compel a levy to procure the funds necessary to meet the amount due the said institution; and, if, when the funds were made available, the treasurer should refuse to pay for any reason, a further 'action in mandamus would become necessary. This statement seems to be a sufficient answer to the contention of counsel for the defendants that there is a misjoinder of parties. The joinder of the county commissioners, auditor and treasurer as defendants may not have been absolutely necessary, but in the interest of expeditious litigation such joinder would seem entirely proper. If the funds are not available, action to provide the same would be necessary, and it is averred in the amended.petition that when this suit *558 was instituted there were not in the treasury of Hamilton county funds sufficient to pay the drafts drawn as above set forth.
It is further contended by the defendants that the statutes under which the relator is seeking to proceed having been repealed the right to charge the county was thereby lost. Relator’s cause of action is saved by the provision of Section 26, General Code, which reads: “* * * nor shall any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amended or repealing act.” In this instance it was not expressly provided in the amended or repealing act that such- repeal or amendment should affect any existing causes of action, prosecution or proceeding. Although it is urged that where the statutes define the mode of procedure there is no existing cause of action until such statutes are complied with, yet, since the failure to present the claim in question to the board of county commissioners is the only “condition precedent to an existing cause of action” with which the defendants complain that relator has failed to comply, it seems necessary only to point to our conclusion previously stated, that under the statute applicable hereto such presentation to and allowance by the board of county commissioners were unnecessary. The cause of action was therefore one existing at the time of such repeal, and because of the provisions of Section 26, General Code, was unaffected thereby.
*559 For the reasons above assigned the demurrer to the amended petition is overruled.

Demurrer to amended petition overruled.

Marshall, C. J., Johnson, Wanamaker and Robinson, JJ., concur.